At the instance of some of the bar of the State, I print as an appendix to this volume the following case in full, the objection, as expressed to the case as printed in 32 S. C., 592, and in 10 S. E. R., 960, is that it is not full enough. —REPORTER.

## MARTIN v. COLUMBIA & G. R. CO.

### PRICE v. SAME.

RAILROADS—DAMAGES—NONSUIT.—Plaintiffs went to defendant's railroad station to take a train. The train was behind time, and did not stop at the station, though a flag was waved by the agent there, and plaintiffs were obliged to remain in the neighborhood until the next train, which passed late in the night. It was a cold night, and the cars, as alleged, were quite uncomfortable, for want of fire, etc. The injury alleged consisted of being chilled with cold, and exhausted from fatigue and mental distress, and injury to their constitutions. *Held*, that there being no evidence of any pecuniary loss to plaintiffs, a nonsuit was properly granted.

Before HUDSON, J., Spartanburg.

The order of nonsuit below is as follows:

The railroad company is bound to discharge its duty faithfully and well to the traveling public, and is responsible for any damage inflicted by reason of negligence in this respect of its employees. If one be left by a train through the fault of those in charge of the train, the party thus left is entitled to an action for damages occurring directly and immediately from this neglect of duty. But in order to recover, it is absolutely necessary that the damages should be proved—that those facts and circumstances should be proved which can be distinctly estimated in damages by a jury. There are circumstances under which a party might

recover damages—as, for instance, if one be left, and is thus forced to break a contract, when time was the essence of the contract, and the failure to be on hand to perform that contract has resulted in direct pecuniary loss. In the present case, there is no evidence whatever of any pecuniary loss to this plaintiff of a competent character. The fact that at the end of her trip she was afflicted with a chill, cannot be taken into consideration by a jury, because damages for a matter of that kind are too remote, it being impossible to determine the cause, and the danger, if evidence of such damages were allowed to be introduced, of recovering from common carriers for that which was not the direct and immediate result of negligence. In the absence of any evidence at all in this case sufficient to go to a jury, and sufficient to enable a jury to award damages to the plaintiff, the order of nonsuit must be granted.

From this order plaintiffs appeal.

*Mr. Stanyarne Wilson*, for appellant.

*Messrs. Haskell, Duncan & Sanders*, contra.

March 8, 1890. The opinion of the Court was delivered by

MR. CHIEF JUSTICE SIMPSON. These were separate actions, brought by the plaintiffs above against the defendant company, for alleged damages occasioned them by being left at a station on defendant's road, Rich Hill, to which they had gone, with the view of reaching Spartanburg, some six or eight miles distant. The plaintiffs were Jane E. Martin, the mother, D. H. Martin, her infant son, about fifteen months old, and M. E. Price, her mother-in-law, all of whom reside in Spartanburg. They had gone down to Rich Hill on a visit, and on their return appeared at Rich Hill station to take a freight train home. This train was behind time, and did not stop at the station to take in passengers, although a flag was waved by the agent there. These parties were, therefore, compelled to remain in the neighborhood until the next train, which passed late in the

night, which they succeeded in getting on. There was no accident, but it seems to have been a cold night, and the cars, as alleged, were quite uncomfortable, for the want of fire, etc. The injury alleged is the same in each of the complaints, and consisted of being chilled with cold, and exhausted from fatigue and mental distress, and injury to their constitutions. At the trial a nonsuit was granted in each of the cases, on motion of the defendant. This order was made on the ground "that there was no evidence whatever of any pecuniary loss to either of the plaintiffs;" his Honor saying that "the fact that plaintiff was afflicted at the end of her journey with a chill, could not be taken into consideration by the jury," etc., under the circumstances.

The appeal questions the correctness of this ruling. The rule in reference to nonsuits is well understood, and has been so often acted upon by this Court that it is unnecessary to repeat it fully here. It is sufficient to say that where there is an absence of all testimony as to any material contested fact in a case, a nonsuit will ordinarily be granted. The fact of injury was a material fact here. Upon this question, we concur with the presiding Judge. After a careful examination of the evidence reported, we find nothing therein pertinent to that issue. True, the parties may have been somewhat chilled and fatigued, and greatly out of temper, on account of the evening train passing them, and by being compelled to wait for the night train; but there is no evidence of any pecuniary damage, or of any personal injury resulting in any loss whatever to any of the parties. There was nothing really to go to the jury. The Circuit Judge states his reasons for granting the nonsuits. We think they are entirely satisfactory, and fully sustain his orders.

It is the judgment of this Court, that the judgment of the Circuit Court in each of the cases be affirmed.

McIver and McGowan, JJ., concur.